Theodore B. Olson (#38137)
TOlson@gibsondunn.com
Helgi C. Walker (Pro Hac Vice)
HWalker@gibsondunn.com
Michael R. Huston (#278488)
MHuston@gibsondunn.com
Jacob T. Spencer (Pro Hac Vice)
JSpencer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8668
Facsimile:    202.530.9575

Joshua S. Lipshutz (#242557)
JLipshutz@gibsondunn.com
Joshua D. Dick (#268853)
JDick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:    415.393.8233
Facsimile:    415.374.8469

*Attorneys for Plaintiff*
*CTIA – The Wireless Association®*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION®,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BERKELEY, CALIFORNIA, and CHRISTINE DANIEL, CITY MANAGER OF BERKELEY, CALIFORNIA, in her official capacity,<br><br>Defendants. | **CASE NO. 3:15-cv-02529**<br><br>**PLAINTIFF'S OPPOSITION TO NATURAL RESOURCES DEFENSE COUNCIL'S MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Date:  August 20, 2015<br><br>Time: 1:30 PM<br><br>Place: Courtroom 5, 17th Floor, San Francisco |

## INTRODUCTION

Allowing the Natural Resources Defense Council ("NRDC") to file an amicus brief now would disrupt the schedule and prejudice Plaintiff. The Court should deny NRDC's flawed motion.

Plaintiff CTIA – The Wireless Association® ("CTIA") filed a motion for preliminary injunction on June 8, 2015. Dkt. 4. Soon thereafter, CTIA conferred with Defendants and jointly stipulated a prompt briefing schedule to permit orderly and efficient adjudication of the motion. *See* Dkt. 18. On June 15, this Court ordered a briefing schedule based on the parties' stipulation. Dkt. 20. Neither the parties' stipulation nor this Court's order mentioned amicus briefs. On July 13, nearly a month after this Court's order and one week before CTIA's reply on the motion was due, NRDC filed a motion for leave to file a proposed amicus brief. Dkt. 36. NRDC had not previously informed CTIA that it intended to file an amicus brief, nor did it seek CTIA's consent to such a filing. CTIA now opposes NRDC's motion for leave to file an amicus brief.

## ARGUMENT

"[T]he consideration of an amicus brief is solely within the discretion of the court." *ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014). For the reasons explained below, the motion is disruptive to the present briefing schedule, would prejudice CTIA, and violates this Court's rules. The Court should deny the motion.

*First*, the motion is inconsistent with the current schedule. The due date for CTIA's opposition to the amicus motion is July 27, *see* N.D. Cal. L.R. 7-3(a)—one week *after* CTIA's reply in support of its motion for preliminary injunction was due. CTIA should not have been compelled either to respond to an unauthorized amicus brief in its reply brief or risk losing its opportunity to do so. Moreover, NRDC's motion will be heard on August 20, the same day as CTIA's motion for preliminary injunction. Dkt. 37. NRDC's motion gives *no* reason why it failed to express its intent to participate in this case until now. Denying NRDC's motion at "this juncture" would not prevent it from "seek[ing] to offer input at some later stage in the proceedings," when briefs from amici in support of *both* parties might be filed and considered in a fair and orderly manner. *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 277 F.R.D. 572, 576 (N.D. Cal. 2011).

*Second*, the motion is prejudicial to CTIA.  As noted, the parties' stipulated schedule approved by this Court made no provision for amicus briefs.  Allowing an amicus brief to be filed now, at this late stage of the previously agreed-upon briefing schedule, would either prejudice CTIA by giving it no chance to respond or disrupt the current schedule on its motion for preliminary injunction by reopening the briefing cycle.  To ensure orderly and prompt adjudication of its motion, CTIA did not include provisions for amicus briefs in the stipulated schedule, and has not sought out support from amici at this stage of the proceedings.  Having already agreed to Defendants' request to reschedule its originally noticed hearing date, *see* Dkt. 23, CTIA desires a timely decision on its motion based on the current hearing date.  *See* 16AA Wright & Miller, Federal Practice & Procedure, § 3975, at 315 n.22 (4th ed. 2008) (citing opinions denying leave to file amicus briefs that would have delayed disposition of the case).

*Third*, NRDC's motion—styled an "application"—violates this Court's rules.  "[A]ll motions must be filed, served and *noticed* in writing on the motion calendar of the assigned Judge for hearing."  N.D. Cal. L.R. 7-2(a) (emphasis added); *see also id.*, 7-2(b)(1) (initial page "must contain . . . noticed hearing date and time"); *id.*, 7-2(b)(1) (first paragraph "must contain . . . notice of the motion including date and time of hearing").  NRDC failed to notice its motion or comply with this Court's rules regarding the form for a motion.  *See generally* Dkt. 36.

For these reasons, CTIA respectfully submits that this Court should deny NRDC's motion to file an amicus brief.  If this Court decides to grant NRDC's motion, however, it should, in the interest of fairness and balance, permit CTIA to file a 5-page supplemental brief responding to NRDC's arguments.

| | | |
|---|---|---|
| 1 | July 27, 2015 | By:  /s/ Theodore B. Olson |
| 2 | | Theodore B. Olson |
| 3 | | Helgi C. Walker<br>Joshua S. Lipshutz |
| 4 | | Joshua D. Dick<br>Michael R. Huston |
| 5 | | Jacob T. Spencer |
| 6 | | GIBSON, DUNN & CRUTCHER LLP |
| 7 | | *Attorneys for Plaintiff* |
| 8 | | *CTIA – The Wireless Association*® |