Michael E. Wall (SBN 170238)
Natural Resources Defense Council
111 Sutter Street, 20th Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 875-6161
mwall@nrdc.org

*Attorney for Natural Resources Defense Council*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION<br><br>    Plaintiff,<br>    v.<br><br>CITY OF BERKELEY, CHRISTINE DANIEL, CITY MANAGER OF CITY OF BERKELEY,<br><br>    Defendants. | Case No. C15-02529 EMC<br><br>**REPLY OF NATURAL RESOURCES DEFENSE COUNCIL IN SUPPORT OF APPLICATION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Date: August 30, 2015<br>Time: 1:30 PM<br>Courtroom 5, 17th Fl., San Francisco |

The Natural Resources Defense Council (NRDC) has a significant interest in the issues raised by Plaintiff's motion for preliminary injunction, and through its proposed amicus brief, offers this Court additional perspective on the consequences of Plaintiff's arguments. *See* ECF No. 36 at 2. Plaintiff does not dispute this. Plaintiff nevertheless urges the Court to deny NRDC's amicus application as disruptive, prejudicial, and improper. NRDC's amicus application is none of these things.

First, NRDC's participation is consistent with the parties' joint briefing schedule. To be sure, the parties' schedule does not expressly provide for amicus filings, but it does not preclude amicus filings, either. Prospective amici's participation is, of course, up to the Court, not the parties. NRDC timely sought leave from this Court to file its amicus brief by submitting an application, along with its proposed brief, on July 13, 2015. That was just one week after Defendants filed a response to Plaintiff's motion, and just five weeks after the case was initiated. While the Federal Rules of Civil Procedure do not say when amicus briefs must be filed, the Federal Rules of Appellate Procedure do. *See* Fed. R. App. P. 29(e). NRDC's amicus application was filed, consistent with those Rules, "no later than 7 days after the principal brief of the party being supported [was] filed." *Id.*

Second, while Plaintiff claims that it cannot adequately respond to NRDC without sacrificing its August 20 hearing date, Plaintiff fails to explain why it could not do so. A five-page supplemental brief should not take Plaintiff's counsel long to write, and Defendants do not object to Plaintiff filing such a brief. *See* ECF No. 40 at 2. As for Plaintiff's lament that it has not marshalled its own amici, that was its strategic choice. NRDC's ability to submit an amicus brief, and the Court's willingness to consider one, should not turn on Plaintiff's ability or determination to identify other entities willing to support its view of the law.

1   Third, NRDC's application was procedurally proper. There is no statute, rule, or standing order that governs amicus briefs in the district court. Under this Court's local rules, when a party wishes to request relief on a matter not otherwise governed by a statute, rule, or standing order, the request is governed by Civil Local Rule 7-11. A noticed hearing is not normally necessary under Civil Local Rule 7-11, because motions under that rule are "deemed submitted for immediate determination *without hearing* on the day after the opposition is due," unless otherwise ordered by the Court. Civ. L.R. 7-11(c) (emphasis added). And, to the extent there is any ambiguity in the Court's rules, Plaintiff suffered no prejudice for all the reasons stated above.

NRDC respectfully requests that this Court grant its application to file an amicus brief.

Dated: July 31, 2015              Respectfully submitted,

/s/ Michael E. Wall
MICHAEL E. WALL (SBN 170238)
Natural Resources Defense Council
111 Sutter Street, 20th Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 875-6161
Email: mwall@nrdc.org

*Attorney for Natural Resources Defense Council*