Theodore B. Olson (#38137)
TOlson@gibsondunn.com
Helgi C. Walker (Admitted *Pro Hac Vice*)
HWalker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8668
Facsimile:    202.530.9575

Joshua S. Lipshutz (#242557)
JLipshutz@gibsondunn.com
Joshua D. Dick (#268853)
JDick@gibsondunn.com
Gibson, Dunn & Crutcher LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:    415.393.8233
Facsimile:    415.374.8469

*Attorneys for Plaintiff*
*CTIA – The Wireless Association®*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CTIA – THE WIRELESS ASSOCIATION®,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BERKELEY, CALIFORNIA, and CHRISTINE DANIEL, CITY MANAGER OF BERKELEY, CALIFORNIA, in her official capacity,<br><br>Defendants. | CASE NO. 3:15-cv-02529-EMC<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    May 29, 2018<br>Time:    10:30 AM<br>Place:   Courtroom 5, 17th Floor, San Francisco |

Pursuant to Local Rule 16-10 and this Court's Standing Order, Plaintiff CTIA – The Wireless Association® ("CTIA") and Defendants the City of Berkeley, California ("the City"), and Christine Daniel, in her official capacity as City Manager of Berkeley, California (collectively, "Defendants"), file this Further Joint Case Management Statement.

As previously reported, on October 11, 2017, the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") denied CTIA's petition to rehear its divided opinion affirming this Court's order denying CTIA's motion for preliminary injunction. (Dkt. 93). Since then, on January 9, 2018, CTIA filed a petition for certiorari with the United States Supreme Court (the "Supreme Court"). On January 30, 2018, the Supreme Court requested that Defendants file a response to that petition. Defendants filed a brief in opposition to CTIA's petition for certiorari on April 2, 2018, and CTIA filed a reply in support of its petition on April 17, 2018.

On June 28, 2018, the Supreme Court granted CTIA's petition, vacated the Ninth Circuit's decision, and remanded the case to the Ninth Circuit for further consideration in light of the case *National Institute of Family and Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018), decided on June 26, 2018 ("*NIFLA*"). On July 5, 2018, the Ninth Circuit ordered the parties to file supplemental briefs addressing the effect of *NIFLA* on CTIA's First Amendment claims; CTIA filed its supplemental brief on July 26, 2018; Defendants filed their brief on August 16, 2018; and CTIA filed its reply brief on September 6, 2018 (along with an unopposed motion for leave to file that reply, which the Ninth Circuit had granted on August 23, 2018). On February 20, 2019, Defendants filed a citation of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 to address the en banc decision *American Beverage Association v. City & County of San Francisco*, 916 F.3d 749 (9th Cir. 2019), issued on January 31, 2019; CTIA filed a citation of supplemental authority addressing the same decision on February 28, 2019.

The Ninth Circuit has not yet issued its decision. Given the Ninth Circuit's jurisdiction on remand to decide anew the disposition of this case, the parties agree that no dates or deadlines for discovery, substantive motions or otherwise, need to be scheduled at this time, and the case should remain stayed. (*See* Dkt. No. 109).

1. Jurisdiction and Service.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.  There is no dispute regarding personal jurisdiction or venue.  All parties have been served.

2. Facts.

This action challenges the City's Ordinance "REQUIRING NOTICE CONCERNING RADIO FREQUENCY EXPOSURE OF CELL PHONES," Berkeley Municipal Code Chapter 9.96 ("Ordinance"), which required cell phone retailers to distribute to their customers or post a notice stating that:

> The City of Berkeley requires that you be provided the following notice:
>
> To assure safety, the Federal Government requires that cell phones meet radio frequency (RF) exposure guidelines.  If you carry or use your phone in a pants or shirt pocket or tucked into a bra when the phone is ON and connected to a wireless network, you may exceed the federal guidelines for exposure to RF radiation.  This potential risk is greater for children.  Refer to the instructions in your phone or user manual for information about how to use your phone safely.

Berkeley Municipal Code § 9.96.030(A).

On June 8, 2015, CTIA filed a motion for preliminary injunction (Dkt. 4) asking this Court to enjoin enforcement of the Ordinance on a preliminary basis as preempted by federal law and violating the First Amendment.  This Court on September 21, 2015, "grant[ed] in part and denie[d] in part CTIA's motion for a preliminary injunction," enjoining the Ordinance "unless and until the sentence in the City notice regarding children safety is excised from the notice."  (Dkt. 53).

On November 17, 2015, Defendants filed a motion to dissolve the preliminary injunction based on the Berkeley City Council's amendment of the Ordinance to remove the sentence regarding child safety.  CTIA filed its opposition to Defendants' motion on December 1, 2015, Defendants filed their reply on December 8, 2015, and oral argument was heard on January 21, 2016.  On January 27, 2016, the Court granted Defendants' motion, which incorporated the holding and reasoning of the Court in its prior ruling on CTIA's motion for preliminary injunction, and also denied CTIA's request for a stay of dissolution pending appeal.  (Dkt. 74).

On February 1, 2016, CTIA appealed to the Ninth Circuit from this Court's Order granting Defendants' motion to dissolve the preliminary injunction. (Dkt. 76). CTIA filed its opening brief with the Ninth Circuit on February 29, 2016, Defendants filed their answering brief on April 4, 2016, CTIA filed its reply brief on May 9, 2016, and oral argument was heard on September 13, 2016. On April 21, 2017, the Ninth Circuit issued a divided ruling affirming this Court's order denying CTIA's motion for preliminary injunction. (Dkt. 93). The parties thereafter briefed CTIA's petition for rehearing or rehearing en banc seeking reconsideration of that decision. The Ninth Circuit denied that petition on October 11, 2017. CTIA filed a petition for certiorari with the Supreme Court on January 9, 2018. Defendants filed a brief in opposition to CTIA's petition on April 2, 2018. CTIA filed its reply in support of its petition on April 17, 2018.

On June 28, 2018, the Supreme Court granted CTIA's petition, vacated the Ninth Circuit's decision, and remanded the case to the Ninth Circuit for further consideration in light of *NIFLA*. On September 6, 2018, the parties completed supplemental briefing in that court to address *NIFLA*; the parties now await the Ninth Circuit to issue its decision.

The City of Berkeley began enforcing the Ordinance on March 21, 2016.

3. <u>Legal Issues.</u>

The legal issues in this case are: (1) whether the Ordinance violates the First Amendment; (2) whether the Ordinance violates the Supremacy Clause and is preempted by federal law; and (3) whether Defendants have violated CTIA's members constitutional rights in violation of 42 U.S.C. § 1983.

4. <u>Motions.</u>

A.   Pending Motions

There are no pending motions before this Court. As noted above, on October 11, 2017, the Ninth Circuit denied CTIA's petition for rehearing or rehearing en banc. CTIA then filed a petition for certiorari with the Supreme Court on January 9, 2018; Defendants filed a brief in opposition to that petition on April 2, 2018; and CTIA filed its reply in support of its petition on April 17, 2018. On June 28, 2018, the Supreme Court granted CTIA's petition, vacated the Ninth Circuit's decision, and remanded the case to the Ninth Circuit for further consideration in light of *NIFLA*. On

July 5, 2018, the Ninth Circuit ordered the parties to file supplemental briefs addressing the effect of *NIFLA* on CTIA's First Amendment claims, which the parties completed on September 6, 2018.

B. Prior Motions

All prior motions filed in this case, listed below, have been resolved. The parties note that no motions have been filed with this Court since the last case management conference was held on October 25, 2018.

    1) CTIA's Motion for Preliminary Injunction (Dkt. 4), filed on June 8, 2015; granted in part and denied in part by order (Dkt. 53), filed on September 21, 2015.

    2) Motions for leave to appear Pro Hac Vice, filed on June 8, 2015 (Dkt. 8, 9), June 22, 2015 (Dkt. 27), and July 1, 2015 (Dkt. 32), respectively; all granted by orders, filed on June 22, 2015 (Dkt. 28, 29), June 24, 2015 (Dkt. 30), and July 7, 2015 (Dkt. 35), respectively.

    3) National Resources Defense Council's Motion to File Amicus Brief in Opposition to CTIA's Motion for Preliminary Injunction (Dkt. 36); granted by order (Dkt. 53), filed on September 21, 2015.

    4) Defendants' Motion to Dissolve Preliminary Injunction (Dkt. 59), filed on December 8, 2015; granted by order (Dkt. 74), filed on January 27, 2016.

5. Amendment of Pleadings.

CTIA does not currently anticipate amending its complaint, but reserves all rights to do so.

6. Evidence Preservation.

Although the parties do not anticipate seeking any discovery, they are aware of and have complied with their evidence preservation obligations.

7. Disclosures.

The parties have agreed to defer any initial disclosures until such time as they may become relevant.

8. Discovery.

The parties do not anticipate that any discovery will be necessary. The parties agree that, should either party wish to take discovery, the parties will meet and confer regarding the prompt scheduling of such discovery.

9. Class Actions.

This case is not a class action.

10. Related Cases.

As discussed above, CTIA filed a petition for certiorari to the Supreme Court on January 9, 2018, and on June 28, 2018, the Supreme Court granted CTIA's petition, vacated the Ninth Circuit's decision, and remanded the case to the Ninth Circuit for further consideration in light of *NIFLA*.

11. Relief.

CTIA seeks the relief set forth in its complaint.

12. Settlement and ADR.

The parties have conferred and agree that the validity of the Ordinance is an issue of broad importance that is not amenable to resolution through settlement or ADR.

13. Consent to Magistrate Judge For All Purposes.

The parties do not consent to assignment to a Magistrate Judge for all purposes.

14. Other References.

This case is not suitable for assignment to binding arbitration, to a Special Master, or to the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues.

The parties believe that the issues are adequately framed by the complaint and that no furthering narrowing of the issues or bifurcation of the case is necessary or advisable.

16. Expedited Trial Procedures.

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. Scheduling.

Given the Ninth Circuit's jurisdiction on remand to decide anew the disposition of this case, the parties agree that no dates or deadlines for discovery, substantive motions or otherwise, need to be scheduled at this time, and the case should remain stayed. (*See* Dkt. No. 109). The parties believe they should await the Ninth Circuit's ruling before proceeding in the district court.

18. <u>Trial.</u>

The parties expect this case to be resolved through motions practice, without the need for any trial.

19. <u>Disclosure of Non-party Interested Entities or Persons.</u>

CTIA filed its Certification of Interested Entities or Persons on June 8, 2015.  As stated in that Certification, CTIA is a nonprofit membership organization that represents the wireless communications industry.  Membership in the association includes wireless carriers and their suppliers, as well as providers and manufacturers of wireless data services and products.  The current membership list is available at https://www.ctia.org/about-ctia/our-members.

20. <u>Professional Conduct.</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| May 22, 2019 | By: /s/ Theodore B. Olson |
| | Theodore B. Olson<br>Helgi C. Walker<br>Joshua S. Lipshutz<br>Joshua D. Dick |
| | GIBSON, DUNN & CRUTCHER LLP |
| | *Attorneys for Plaintiff*<br>*CTIA – The Wireless Association®* |
| May 22, 2019 | By: **/s/ Christopher D. Jensen |
| | Farimah Brown, City Attorney (#201227)<br>Christopher D. Jensen, Deputy City Attorney (#235108)<br>CITY OF BERKELEY<br>2180 Milvia Street, Fourth Floor<br>Berkeley, CA 94704<br>Telephone:     510.981.6998<br>Facsimile:      510.981.6960 |
| | *Attorney for Defendants* |

*City of Berkeley, California and Christine Daniel, City Manager of Berkeley, California*

\*\* Pursuant to Civ. L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.